NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

JUL 22 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | | |
|---|---|---|
| ROBERTO SERRANO, AKA Pilar Lomili Jimenez, AKA Pilar Jimenez Lomili, AKA Lomili Jimenez Pilar, AKA Pilar Jimenez-Lomeli, AKA P. Jimenez-Lomili, AKA Pilar Jimenez-Lomili, AKA Jimenez Lomili Pilar, AKA Lomilijimenez Pilar, AKA Roberto Serrano-Govea, | ) ) ) ) ) ) ) ) ) | No. 12-70568 Agency No. A037-731-032 MEMORANDUM* |
| Petitioner, | ) ) | |
| v. | ) ) | |
| LORETTA E. LYNCH, Attorney General, | ) ) ) | |
| Respondent. | ) ) ) | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 8, 2015**
Pasadena, California

---

*This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

**The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

Before: REINHARDT, FERNANDEZ, and CLIFTON, Circuit Judges.

Roberto Serrano, a Mexican citizen who is a Lawful Permanent Resident (LPR) of the United States, petitions for review of the Board of Immigration Appeals' (BIA) order which ordered his removal based on its decision that he was not admissible when he sought to return to this country after a brief trip abroad. We grant the petition and remand.

Serrano entered the United States without inspection in 1963 and pled guilty to possession of a controlled substance with intent to distribute in 1973. See 21 U.S.C. § 841(a)(1). In 1983, he adjusted his status based on his marriage to a United States citizen and became an LPR. After a brief trip to Mexico in 2006, he was stopped and inspected by Customs and Border Protection and he admitted that he had been convicted of the 1973 drug offense. He was then told that he appeared to be inadmissible and that his inspection was deferred. These removal proceedings commenced on January 22, 2007, and, ultimately, the government asserted that he was removable because the drug offense conviction rendered him inadmissible,[1] as did his lack of a valid entry document[2] and his fraud or

---

[1]See 8 U.S.C. § 1182(a)(2)(A)(i)(II) (2012).

[2]See id. § 1182(a)(7)(A)(i)(I).

misrepresentation.[3]  The Immigration Judge and the BIA determined that he was

inadmissible because of the drug offense.  They rejected the government's claim

that he lacked a valid entry document and its claim that he had committed fraud or

misrepresentation.[4]

When Serrano achieved LPR status in 1983, and for over a decade thereafter,

he was entitled to depart for brief trips abroad and to return without having his

return considered a new request to enter.  See 8 U.S.C. § 1101(a)(13) (1994);

Rosenberg v. Fleuti, 374 U.S. 449, 462, 83 S. Ct. 1804, 1812, 10 L. Ed. 2d 1000

(1963); Camins v. Gonzales, 500 F.3d 872, 876–77 (9th Cir. 2007).  However,

with the enactment of IIRIRA[5] in 1996, the law was changed so that those who had

been convicted of a controlled substance offense could no longer simply enter after

a brief departure.  See 8 U.S.C. §§ 1101(a)(13)(C)(v), 1182(a)(2)(C).  Serrano

asserts that the application of the IIRIRA change was impermissibly retroactive as

---

[3]See id. § 1182(a)(6)(C)(i).

[4]The IJ rejected those claims and the government did not appeal the decision, as a result of which the BIA assumed that Serrano was an LPR.  We, also, will proceed on the basis that Serrano was and is an LPR.

[5]Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104–208, 110 Stat. 3009–546.

to him, and, therefore, his removal cannot stand.[6]  We agree.

The Supreme Court has made the proper approach crystal clear, as have we. See Vartelas, __ U.S. at __, 132 S. Ct. at 1486–88, 1490–92 (holding that a showing of reliance is not required, and to apply IIRIRA's amendment to 8 U.S.C. § 1101(a)(13) to a person who obtained LPR status before IIRIRA's enactment would be giving it an impermissibly retroactive effect); Cardenas–Delgado v. Holder, 720 F.3d 1111, 1113, 1118–19 (9th Cir. 2013) (holding that proof of reliance is not required in retroactivity analysis); Camins, 500 F.3d at 878, 884–85 (holding that § 1101(a)(13)(C)(v) cannot be applied retroactively to those who became LPRs prior to IIRIRA's enactment).  Of course, in the cases just cited, the alien had become an LPR before he committed a crime, whereas Serrano committed the crime in question before he became an LPR.  But that is a distinction without a difference.  We have held that where an alien had committed a crime but applied for immigration relief before IIRIRA became effective, application of IIRIRA's provisions to the alien would be impermissibly retroactive. See Hernandez de Anderson v. Gonzales, 497 F.3d 927, 941–42 (9th Cir. 2007) (naturalization application; reliance on extant suspension of deportation rules

---

[6]The change to 8 U.S.C. § 1101(a)(13) was not made expressly retroactive. See Vartelas v. Holder, __ U.S. __, __, 132 S. Ct. 1479, 1487, 182 L. Ed. 2d 473 (2012).

precluded retroactivity of IIRIRA change); see also Ixcot v. Holder, 646 F.3d 1202, 1213 (9th Cir. 2011) (asylum relief sought despite new reinstatement-of-prior-removal-order provision); cf. Fernandez–Vargas v. Gonzales, 548 U.S. 30, 44–46 & n.10, 126 S. Ct. 2422, 2432–33 & n.10, 165 L. Ed. 2d 323 (2006); Montoya v. Holder, 744 F.3d 614, 616–17 (9th Cir. 2014). If the mere filing for a form of immigration relief precludes retroactive application of IIRIRA's changes, it follows as the night the day that actually obtaining LPR status before IIRIRA's effective date precludes retroactive application.

Thus, Serrano was entitled to the benefits of 8 U.S.C. § 1101(a)(13)[7] as it existed before it was amended by IIRIRA.[8] The BIA erred when it ruled otherwise. Thus, we vacate the removal order and remand with instructions to terminate this removal proceeding.

Petition GRANTED and REMANDED.

---

[7]Including the benefits outlined in Fleuti, 374 U.S. at 462, 83 S. Ct. at 1812.

[8]Because we have determined that the BIA erred when it decided that Serrano was an arriving alien but was inadmissible, we need not, and do not, consider Serrano's possible 8 U.S.C. § 1182(c) (INA § 212(c)) (1982) relief claim or his due process claim.